UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL TISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02391-TWP-TAB |
| ) | |
| MARK SEVIER, ) | |
| ANDREW BEGUHN, ) | |
| BN, ) | |
| JENNIFER FRENCH, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

The plaintiff, Randall Tison, is currently an inmate at New Castle Correctional Facility ("NCCF"). Because Mr. Tison is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Tison are

construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Tison names the following NCCF defendants in his complaint: (1) Mark Sevier, Warden; (2) Andrew Beguhn, program director; (3) BN, classification officer; and (4) Jennifer French. Dkt. 1. Mr. Tison alleges each defendant denied him access to a substance abuse program by the implementation of a new policy. *Id.* at 3.

During his incarceration in 2006 at Wabash Valley Correctional Facility, Mr. Tison completed Phase I of the Indiana Department of Correction Substance Abuse Program. Dkt. 1-1 at 4. In 2015, Mr. Tison was moved to NCCF and applied for the program there, which had been shut down for several months and then reopened as the Recovery While Incarcerated ("RWI") program. Dkt. 1-2. The new program had new eligibility requirements that inmates be tested before admission. *Id.* Though Mr. Tison complied with testing, he was denied access because his test scores did not meet the eligibility requirements. *Id.* Mr. Tison states since he had already taken Phase I, he should have been grandfathered in under the old rules. *Id.* Mr. Tison alleges that inmates who completed Phase I at NCCF (as opposed to other prisons) before the new program were not required to be tested and were allowed to proceed to Phase II. Meanwhile, because he completed Phase I at another facility, he was not allowed to complete Phase II at NCCF. *Id.*

Mr. Tison states that his denial of access to the rehabilitative program violates *ex post facto* laws and the Equal Protection Clause of the Fourteenth Amendment. Dkt. 1 at 3. Mr. Tison seeks access to the program or a credit of 180 days' earned credit time he would have received upon completion of the program, and punitive damages. *Id.* at 5.

### III. Discussion

An inmate does not have a liberty interest in admission to an educational program, even if the program allows for potential sentence credit. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000) (finding no due process protection because "the successful completion of a program is not inevitable" and thus "denying [an inmate] the opportunity to earn good credit time does not 'inevitably affect the duration of the sentence,' and does not deprive him of constitutional guarantees" (quoting *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1996)). Defendants are not required to provide due process to inmates they remove from or deny admission to the program.

Mr. Tison's claim under the Ex Post Facto Clause of the United States Constitution fails to state a claim. The United States Constitution "prohibits both federal and state governments from enacting any 'ex post facto Law.'" *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013). "No State shall . . . pass any . . . *ex post facto* Law." U.S. Const. art. I, § 10. "[A]n ex post facto law retroactively defines criminal conduct or changes the punishment for a crime to the detriment of the defendant." *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001). "A statute is retroactive for purposes of the *ex post facto* clause if it redefines or changes the penalty for a crime committed before the law went into effect." *Johnson v. Madigan*, 880 F.3d 371, 376 (7th Cir. 2018) (citing *Hemmings*, 258 F.3d at 594). Simply put, "[t]o violate the Ex Post Facto Clause . . . a law must be both retrospective and penal." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011). Changes in the eligibility requirements of the substance abuse program are not *ex post facto* laws. This issue is a change in prison policy, and this does not support a claim for relief. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (noting that prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates").

Mr. Tison's equal protection claim fails as pled. "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). Suspect classes receiving heightened Fourteenth Amendment protection are based on immutable characteristics, disabilities, or a history of unequal treatment. *Segovia v. United States*, 880 F.3d 384, 390 (7th Cir. 2018). To state an equal protection claim, Mr. Tison would have to allege that (1) he was a member of a protected class, (2) he was treated differently from similarly situated members of an unprotected class, and (3) that the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Mr. Tison has not alleged that he is a member of a suspect class, was denied a fundamental right, or that the defendants were motivated by a discriminatory purpose. Rather he states that eligibility requirements changed, and he was told he did not meet these requirements after receiving an assessment.

### IV. Opportunity to File Amended Complaint

Although Mr. Tison's claims are dismissed, the Court will not yet dismiss the entire action. Instead, the plaintiff shall have through **January 11, 2021**, to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a cause under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint will completely replace the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). The amended complaint should have the proper case number, 1:20-cv-02391-TWP-TAB, and the words "Amended Complaint" on the first page. If Mr. Tison files a timely amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If not, this

action will be dismissed without further notice or opportunity to show cause, for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 12/11/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RANDALL TISON
127788
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362