UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RANDALL TISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02391-TWP-TAB |
| | ) | |
| MARK SEVIER, | ) | |
| ANDREW BEGUHN, | ) | |
| BN, | ) | |
| JENNIFER FRENCH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Randall Tison's amended complaint, filed on January 19, 2021, is considered timely as discussed in the Court's Order of June 17, 2021. *See* dkt. 13. Accordingly, this action has been reopened and because Mr. Tison is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

**I. Amended Complaint**

Mr. Tison's amended complaint names the following New Castle Correctional Facility ("New Castle") defendants: (1) Mark Sevier, Warden; (2) Andrew Beguhn, program director; (3) BN, classification officer; and (4) Jennifer French. Dkt. 11. Mr. Tison's factual allegations are much the same as in his original complaint. Dkt. 1; dkt. 8. In 2006, Mr. Tison completed Phase I of the Indiana Department of Correction Substance Abuse Program while at Wabash Valley Correctional Facility. *See* dkt. 11-1 (Tison writes that "[a]t that time I was under the 2001 rules,

and no testing was required."). After he was moved to New Castle in 2015, the program was shut down and replaced with a new one. Dkt. 8 at 2.

Mr. Tison alleges that he "was treated unequally of others awaiting entry into second phase of substance abuse by being singled out for testing and evaluation and subsequently being denied access to the program" while no other New Castle inmate was required to test, and remained in the program. *Id.* at 8, 10. Mr. Tison did not meet the eligibility requirements under the new Recovery While Incarcerated ("RWI") program. Dkt. 11-6.

Mr. Tison alleges that he was promised "in the form of a verbal contract that he would automatically be admitted into the next phase" of the program when he was moved to a facility that offered it. Dkt. 11 at 8-9. He alleges that he is a member of a class "who historically are treated differently" because of his prisoner status, his political beliefs including his beliefs that prisons should not be operated by private contractors, and his status as a sex-offender. *Id.* at 9. Mr. Tison asserts that he can bring his equal protection claim under a "theory of one" because he was the only inmate among all New Castle prisoners awaiting entry into Phase II of the program forced to take a test and be evaluated, which ultimately caused him to be removed from the program. *Id.* at 10. Mr. Tison contends that all other inmates were automatically admitted, and there is no rational basis for the disparate treatment. *Id.* He seeks injunctive relief and punitive damages. *Id.* at 11.

## II. Discussion Dismissing Amended Complaint

The Court reiterates that an inmate does not have a liberty interest in admission to an educational program, even if the program allows for potential sentence credit. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000). Defendants are not required to provide due process to inmates they remove from or deny admission to such programs.

Mr. Tison's amended complaint attempts to revive an equal protection claim based upon a "class of one theory."[1] Dkt. 11. A plaintiff may state a "class of one" equal protection claim if he alleges that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008). Mr. Tison has not alleged that he was treated differently than other similarly situated individuals. Unlike the inmates with whom he compares himself, he completed Phase I of the old program at *another* facility before coming to New Castle. Further, he has not shown that there was no "rational basis" for the defendants' actions to test and evaluate an inmate who completed the first phase of the old program nine (9) years earlier at another facility, using updated criteria. It is reasonable that a prison's educational or rehabilitative programs are subject to changes and new requirements. Mr. Tison did not meet the eligibility requirements for the substance use program. Therefore, his allegations fail to state an equal protection claim.

To the extent that Mr. Tison alleges that there was a verbal contract to allow him to be automatically admitted to the next phase of the program and this verbal contract was breached, this claim fails. Breach of contract claims arise under state law. *See* 28 U.S.C. § 1367; *O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002) (affirming district court's discretionary decision not to exercise supplemental jurisdiction over state law claim after it had disposed of federal issues).

---

[1] Mr. Tison's reliance on *Best v. Kelly*, 39 F.3d 328 (D.C. Cir. 1994) is misplaced. In *Best*, the Court of Appeals held that the prisoners had no cause of action under § 1983 to challenge the loss of good time credits they would have received under a drug treatment program, and such complaints are properly dismissed for lack of jurisdiction. *Id.* However, the remaining issues raised in the complaint could not be dismissed for lack of jurisdiction. *Id.* Nothing in this case supports Mr. Tison's theories.

The Court identifies no cognizable claims in Mr. Tison's amended complaint. The amended complaint fails to cure the deficiencies outlined in the Court's previous Screening Entry and fails to state claims based on new legal theories.

### III. Conclusion

For the reasons discussed herein, Mr. Tison's amended complaint is **dismissed**, and this action is now **dismissed with prejudice for failure to state a claim upon which relief** can be granted. 28 U.S.C. § 1915A.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/30/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RANDALL TISON
127788
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362